UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE HULL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:11-cv-01303-SEB-MJD |
| OWEN COUNTY STATE BANK, | ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Stephanie Hull's Motion for Award of Attorney's Fees and Request for Reimbursement of Expenses [Dkt. 106]. For the reasons set forth below, the Magistrate Judge recommends that the motion be **GRANTED IN PART**.

## I. Background

Plaintiff filed this case as a class action against Defendant Owen County State Bank for failure to comply with the notice requirements of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693. [Dkt. 1.] The parties reached a settlement agreement which was approved by the District Judge. [Dkt. 104.] As part of the settlement agreement, the parties agreed that Defendant would establish a Settlement Fund in the amount of $87,000 for the benefit of the class members. [Dkt. 106-1 at 10.] Any remaining money from the Settlement Fund after all payments were made to the claimants of the class was to be equally distributed as a *cy pres* contribution to Susan G. Komen for the Cure and the National Association of Consumer Advocates ("NACA"). [Dkt. 106-1 at 11.] Pursuant to the settlement agreement, Plaintiff, in her personal capacity, was also to receive an incentive payment of $4,500. [Dkt. 106-1 at 16.]

Defendant further stipulated that Plaintiff was entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3). [Dkt. 106-1 at 15.] The parties agreed that an award of attorney's fees and costs would be made by Court Order pursuant to a motion and such an award would be separate and apart from the Settlement Fund. Plaintiff now moves for an award of attorney's fees and costs.

## II. Legal Standard

When calculating attorney's fees, the Supreme Court has stated that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This method of calculation is also known as the "lodestar" fee. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012). "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). This Court must exclude from the calculation any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. In determining a reasonable fee, the Supreme Court adopted twelve factors that may increase or decrease the calculated lodestar figure. *Hensley*, 461 U.S. at 430; *Johnson*, 668 F.3d at 929 ("once calculated, the lodestar amount may be adjusted"). Those factors are:

> (1) The time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3.

### III. Discussion

Plaintiff's counsel Eric Calhoun and Ryan Frasher submitted time/expense reports along with declarations in support of their fee request. [Dkts. 106-2, 106-4, 106-5, 106-6, 114-1, 116-1, 116-2, 116-3, and 116-4.] Collectively, they request a total of $106,791.71 in total fees and costs. Defendant first requests that, prior to determining the lodestar amount, this Court should exclude or reduce certain hours relating to the Complaint [Dkt. 1], Plaintiff's Preliminary Witness and Exhibit Lists [Dkt. 36], Plaintiff's Memorandum in Support of Motion for Class Certification [Dkt. 48], alleged clerical charges, travel expenses, and the *cy pres* award. Defendant then requests that this Court use the *Hensley* factors to reduce the lodestar amount.

#### A. Complaint, Witness and Exhibit Lists, and Motion for Class Certification

Defendant asserts that much of Plaintiff's work in this litigation have been cut-and-paste, boilerplate filings from previous cases and therefore the hours spent on these documents should be reduced. Plaintiff does not deny that the Complaint, Witness and Exhibit Lists and the Memorandum in Support of the Motion for Class Certification are recycled from previous cases. However, Plaintiff asserts that the time expended on these documents were to proofread and format the facts to this case. Frasher reported 1.5 hours in drafting the Complaint, Calhoun reported .4 hours in reviewing the Complaint, and Frasher reported an additional .1 hours to revise the Complaint. [Dkts. 106-4 at 1, 106-6 at 1.] As there is little evidence that that the Complaint was proofread (E.g., the Complaint made references to facts specific to a previous case), the Court reduces the following time entries as follows:

| Date | Description | Time Spent | Time Allowed | Attorney | Rate | Reduction |
|---|---|---|---|---|---|---|
| 9/23/2011 | Draft Complaint | 1.5 | .2 | Frasher | $250.00 | $325.00 |
| 9/23/2011 | Draft Appearance | .2 | .1 | Frasher | $250.00 | $25.00 |
| 9/23/2011 | Draft Civil Cover Sheet | .2 | .1 | Frasher | $250.00 | $25.00 |
| 9/25/2011 | Review Complaint | .4 | 0.0 | Calhoun | $550.00 | $220.00 |

| Date | Description | Time Spent | Time Allowed | Attorney | Rate | Reduction |
|---|---|---|---|---|---|---|
| 9/26/2011 | Revise Complaint | .1 | 0.0 | Frasher | $250.00 | $25.00 |

With regard to the Preliminary Witness and Exhibit lists, it appears that Mr. Frasher expended .3 hours preparing them and Mr. Calhoun expended at most .4 hours reviewing the lists.[1] [Dkts. 106-4 at 2, 106-6 at 3.] As these documents were entirely copies of prior lists with the Plaintiff's name added, he Court adjusts the times as follows:

| Date | Description | Time Spent | Time Allowed | Attorney | Rate | Reduction |
|---|---|---|---|---|---|---|
| 2/24/2012 | Exhibit List | .3 | .2 | Frasher | $250.00 | $25.00 |
| 2/24/2012 | Review order regarding intervention; review witness list. | .4 | .3 | Calhoun | $550.00 | $55.00 |

Defendant argues that Plaintiff's counsel reported 12.1 hours in preparing the Motion for Class Certification and the Memorandum in support when these documents are virtually identical to the motion and memorandum filed in *Couch v. Indians, Inc.*, 1:11-cv-00963-WTL-MJD. The Court agrees that absent a few fact changes, the motion and memorandum are identical and certain time entries are excessive for simple fact changes. For example, Mr. Frasher reported expending 1.5 hours to research/update the case law when absolutely no changes had been made. Accordingly, the Court reduces the following time entries to an amount it deems more reasonable:

| Date | Description | Time Spent | Time Allowed | Attorney | Rate | Reduction |
|---|---|---|---|---|---|---|
| 5/29/2012 | Research/Update Case Law For Class Cert | 1.5 | .3 | Frasher | $250.00 | $300.00 |
| 5/29/2012 | Draft Memo for Class Cert | 2.5 | .5 | Frasher | $250.00 | $500.00 |
| 5/29/2012 | Review and revise motion and brief regarding class certification | 1.5 | .3 | Calhoun | $550.00 | $660.00 |

---

[1] Mr. Calhoun reported .4 hours for reviewing an order and reviewing the witness lists.

| Date | Description | | | Attorney | Rate | |
|---|---|---|---|---|---|---|
| 5/30/2012 | Review and revise class certification brief and exhibits; emails with co-counsel | 1 | .1 | Calhoun | $550.00 | $495.00 |
| 5/31/2012 | Draft Order | 1 | .1 | Frasher | $250.00 | $225.00 |
| 5/31/2012 | Revise Memo For Class Cert | 1 | .2 | Frasher | $250.00 | $200.00 |
| 5/31/2012 | Review final brief and exhibits in support of class certification | 1.5 | .2 | Calhoun | $550.00 | $715.00 |

### B. Clerical Charges

Defendant argues that this Court should exclude certain hours as clerical work that is charged at the full attorney rate. Such actions Defendant asserts to be clerical are draft summons, filing documents with the Court's Case Management/Electronic Filing System ("CM/ECF"), reviewing orders and updating calendar deadlines. Usually, an attorney is not entitled to fees for purely administrative tasks. *Spegon*, 175 F.3d at 553. "Courts in this District have determined clerical tasks to include activities such as delivering and receiving mail, travel to and from court to file documents, preparing documents for mailing or faxing documents." *Vanderhoff v. Seiler & Assoc. LLC*, No. 1:11-CV-01603-WTL-MJD, 2013 WL 752908, *3 (S.D. Ind. Feb. 6, 2013). The Court finds that drafting summons, filing documents, reviewing orders and updating calendar deadlines are reasonable attorney actions. *See Young v. Accounts Recovery Bureau, Inc.*, No. 1:11-cv-255-WTL-DKL, 2012 WL 3764014, *4 (S.D. Ind. Aug. 8, 2012) (filing documents on CM/ECF is something that can only be done by an attorney). However, with regard to other entries the Defendant addresses, the Court amends as follows:

| Date | Description | Time Spent | Time Allowed | Attorney | Rate | Reduction |
|---|---|---|---|---|---|---|
| 5/23/2012 | Scan Discovery from D | .4 | 0.0 | Frasher | $250.00 | $100.00 |

5

### C. Travel Expenses

Defendant generally challenges the expenses associated with the travel time for Mr. Calhoun, asserting that the entries do not distinguish travel time. Defendant only provides as an example an entry that included "Prepare for and attend settlement conference in Indiana; review file – 6.5." However, Mr. Calhoun's log clearly distinguishes between travel expenses incurred and attorney tasks performed. [Dkt. 106-4.] Defendant is aware that the settlement conference in question on June 13, 2012 lasted about 5 hours and is also aware that Mr. Calhoun was traveling from Texas. It would be impracticable to assume that Mr. Calhoun traveled either to or from Texas in 1.5 hours. The Court finds the remaining travel expenses by Mr. Calhoun to be reasonable to attend the settlement conference and the hearing on May 3, 2013. *See Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984) (finding that travel expenses are reasonable).[2]

### D. *Cy Pres* Award

Finally, Defendant asks this Court to "disregard" the amount of the *cy pres* award in determining reasonable attorneys' fees. [Dkt. 108 at 9.] That is easy enough for the Court to do as the amount of the *cy pres award* was never a factor or consideration in calculating the lodestar amount. Defendant relies on *In re Baby Products Antitrust Litigation* as support. 708 F.3d 163, 169-170, 176 (3rd Cir. 2013). However, in that case, the Third Circuit found that courts should be allowed discretion in considering the *cy pres* award as part of the total award in calculating attorney's fees as a percentage from the overall settlement fund awarded to a class. *Id*. at 179. Such is not the case here, as Defendant agrees that the best method of calculating attorney's fees

---

[2] Of note, Defendant did not make any argument regarding the necessity of both attorneys attending either the hearing or the settlement conference. As such, Plaintiff would not have been able to properly respond and the Court declines to address this issue.

is to use the lodestar method, which is based on the hours expended on the litigation as opposed to being based on the final outcome of the award to the class. [Dkt. 108 at 9.]

Even if *Baby Products* was applicable here, that court also determined that reducing the amount based on the *cy pres* award should be done on a case-by-case basis. Defendant argues that the charitable organizations either do not benefit the class or mostly benefits the attorneys rather than the class members. However, unlike in *Baby Products*, the parties freely negotiated the terms of the settlement and agreed on the charitable organizations that would receive the *cy pres* award. Defendant raised no issue regarding the *cy pres* awardees during the process of the Court's approval of the settlement. It is inappropriate for Defendant to challenge these organizations now in relation to the fee award having agreed with them heretofore. Therefore, Defendant's argument is unavailing.

### E. Lodestar Calculation and *Hensley* Factors

Defendant does not challenge Mr. Calhoun's rate of $550 per hour, Mr. Calhoun's paralegal rate of $140 per hour, or Mr. Frasher's rate of $250 per hour for 2010, 2011, and 2012 and $295 per hour for 2013. "The burden of proving the 'market rate' is on the fee applicant." *Spegon*, 175 F.3d at 554. Calhoun and Frasher have provided sufficient evidence to establish their market rates, however, Frasher has failed to provide evidence as to why he is entitled to an increase in market rate for 2013. Because the burden of demonstrating the basis of the fee is on the attorney seeking the fee, the Court will only award fees at a rate of $250 for Mr. Frasher for 2013. Mr. Calhoun requests a total of $58,475.04 for his fees and expenses and Mr. Frasher

requests a total of $39,201.75 totaling $97,676.79.[3] With the adjustments discussed above, the Court has calculated the lodestar amount to be $91,408.79.

Looking to the *Hensley* factors, the Court does not find a reason to either increase or decrease the fee award. Defendant urges this Court to consider other fee petitions which Mr. Calhoun appeared in the Middle District of Alabama.[4] In those cases, the courts reduced the fee awards to $20,000 and $19,000 respectively. However, those courts addressed arguments that were not raised by Defendant here, including that the rates were unreasonable by the standards of the legal community, double counting, and an excessive amount of hours to distribute the settlement fund. *Gaylor*, 2012 WL at *3-4.[5] Those courts also reduced the lodestar based on the first two *Hensley* factors, finding that it is compelling that counsel recycled filings used in other litigation. *Id*. at *4. The Court does not find this as a reason to reduce the fees as counsel is in the business of litigating EFTA cases and have reasonably reported time expended, except as noted above. The Alabama courts also reduced the fee on account of the third *Hensley* factor, skill needed to perform legal services, primarily criticizing charged hours for clerical tasks such as filing the complaint. *Id*. As discussed above, filing documents with CM/ECF is not a clerical task and the Court has deducted clerical tasks as appropriate. Next, the Alabama courts reduced the lodestar amount based on the eighth *Hensley* factor, the amount of work involved and the results obtained, finding that the parties settled quickly and the defendants did not object to class certification. *Id*. Here, the Plaintiff faced opposition every step of the way including a constitutional challenge made by Defendant [Dkt. 17] and opposition to class certification [Dkt.

---

[3] Plaintiff's final fee and cost request seeks $106,791.71; however, that amount is not supported by the specific time entries of the parties.
[4] *Gaylor v. Comala Credit Union*, No. 2:10CV725-MHT, 2012 WL 1987183 (M.D. Ala. June 1, 2012); *Hart v. Guardian Credit Union*, 870 F.Supp.2d 1300 (M.D. Ala 2012).
[5] The *Hart* court adopted the reasoning of the *Gaylor* court finding that the two cases were substantially similar, therefore, only the *Gaylor* opinion will be cited.

50]. Even now, most of Defendant's opposition to the petition for attorney's fees is baseless. "[A]lthough defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost." *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981).

Overall, the Court finds the lodestar amount to be reasonable given the circumstances of this case. While the amount is significant, Defendant's aggressive approach to the case significantly drove up litigation expense.

### IV.    Conclusion

For the reasons stated above, the undersigned reduces the hourly rate for attorney time for Mr. Frasher in 2013 from $295.00 to $250.00 and makes the specified deductions from Plaintiff's request for fees. As a result, the Court awards Mr. Calhoun a total of $54,152.00 for fees (98 hours at $550.00 per hour plus 1.8 hours at $140.00 per hour) and $2,178.04 in costs. The Court awards Mr. Frasher a total of $34,575.00 (138.3 hours at $250.00 per hour) and $503.75 in costs. This makes a total award to Plaintiff in the amount of $91,408.79.

Any objections to this report and recommendation must be filed with this Court in accordance with Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1) within 14 days. Accordingly, any objection must be filed on or before March 28, 2014. Failure to object will result in waiver of objection or appeal of the issues addressed in this report and recommendation.

Date: 03/14/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

9

David Benjamin Honig
HALL RENDER KILLIAN HEATH & LYMAN
dhonig@hallrender.com

Andrew B. Howk
HALL, RENDER, KILLIAN, HEATH & LYMAN
ahowk@hallrender.com

Ryan R. Frasher
RYAN FRASHER P.C.
rfrasher@frasherlaw.com

Eric G. Calhoun
TRAVIS, CALHOUN & CONLON PC
eric@travislaw.com

Daniel Kadane Crane-Hirsch
U.S. JUSTICE DEPT.
daniel.crane-hirsch@usdoj.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov